**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SPARTAN CAPITAL SECURITIES, LLC,
KIM M. MONCHIK, and JOHN D. LOWRY,

Petitioners,

- against -

MICHAEL VOELLER and HEIDI VOELLER,

Respondents.

Case No.: 1:26-cv-8220

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioners Spartan Capital Securities, LLC ("Spartan"), Kim M. Monchik ("Ms. Monchik"), and John D. Lowry ("Mr. Lowry") (collectively, "Petitioners"), by and through their undersigned attorneys, respectfully petition this Court to confirm the award issued in the arbitration captioned *Michael Voeller and Heidi Voeller v. Spartan Capital Securities, LLC, Kim M. Monchik, Amalia O. Chin, John D. Lowry, and Gabriel Edelman*, FINRA Dispute Resolution Case No. 22-02653 (the "Arbitration"), dated February 18, 2026 (the "Award"), pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9:[1]

## INTRODUCTION

1. This is an action pursuant to Section 9 of the FAA to confirm the Award issued on February 18, 2026, by a three-member all-public FINRA arbitration panel (the "Panel") following proceedings conducted in Bismarck, North Dakota. The Award was served upon the parties on February 18, 2026.

2. The Arbitration relates to a dispute between Michael Voeller and Heidi Voeller (together, "the Voellers"), customers of Spartan who were claimants in the Arbitration, and

[1] In support of this Petition, Petitioners also submit herewith a Memorandum of Law and the Declaration of Emily M. Knight, Esq., with Exhibits ("Knight Dec.").

Petitioners, in which the Voellers alleged, *inter alia*, that Petitioners made unsuitable investment recommendations.

3. Petitioners seek confirmation of the Panel's dismissal with prejudice of all of the Voellers' claims against Petitioners.[2] Petitioners do not seek confirmation of, nor entry of judgment on, the Panel's monetary awards of $46,800.00 in sanctions and $31,178.00 in attorneys' fees and costs issued against the Voellers.

**PARTIES**

4. Petitioner Spartan Capital Securities, LLC is a limited liability company organized under the laws of the State of New York, a registered broker-dealer, and a member firm of FINRA, with its principal place of business at 45 Broadway, 19th Floor, New York, New York 10006, in the County of New York. Spartan's sole member is Spartan Capital Holdings, LLC, a New York limited liability company with two members: (i) co-Petitioner John D. Lowry, a citizen of the State of New York; and (ii) Fintex Financial, Inc., a Texas corporation with its principal place of business in Dallas, Texas.

5. Petitioner Kim M. Monchik is a resident of the State of New Jersey. At all relevant times, Ms. Monchik was the Chief Administrative Officer of Spartan and registered as an associated person with FINRA.

6. Petitioner John D. Lowry is a resident of the State of New York. At all relevant times, Mr. Lowry was the Chief Executive Officer of Spartan and registered as an associated person with FINRA.

7. Michael Voeller and Heidi Voeller (collectively, "the Voellers") are, upon information and belief, residents of the State of North Dakota.

[2] Two additional respondents named in the underlying arbitration—Amalia O. Chin and Gabriel Edelman—are not petitioners in this action. *See infra* ¶ 15.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 9. This action arises under the FAA, a federal statute, conferring original federal question jurisdiction.

9. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Petitioners are citizens of New York, New Jersey, and Texas; the Voellers are citizens of North Dakota. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104–107 (2d Cir. 2006).

10. Venue is proper in the Southern District of New York pursuant to 9 U.S.C. § 9 because the events giving rise to the underlying dispute arose in this District. As the Supreme Court held in *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193 (2000), the FAA's venue provisions are permissive, and a petition to confirm an arbitration award may be brought in any district proper under the general venue statute, 28 U.S.C. § 1391(b)(2). Spartan is headquartered in Manhattan, New York, and the underlying investment decisions, communications, and broker-dealer activities at issue in the Arbitration originated from Spartan's offices in this District. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104–107 (2d Cir. 2006).

## PROCEDURAL HISTORY OF THE ARBITRATION

11. Petitioners and the Voellers were bound to arbitrate pursuant to FINRA Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes (the "Customer Code"), which requires FINRA members and associated persons to arbitrate disputes at the request of a customer.

12. On November 18, 2022, the Voellers filed a Statement of Claim with FINRA Dispute Resolution Services against Petitioners, bearing Arbitration Case No. 22-02653, asserting

various causes of action, including unsuitability, and requested compensatory damages of no less than $247,262.00, plus punitive damages, prejudgment interest, and such other and further relief as the Panel may deem appropriate. (Knight Decl., Ex. B.)

13. On November 18, 2022, FINRA served the Statement of Claim on Petitioners. (Knight Decl., Ex. D.)

14. The Voellers signed a Submission Agreement on November 18, 2022. (Knight Decl., Ex. C.) Petitioners did not sign a Submission Agreement but were required to submit to arbitration pursuant to the Customer Code and, having answered the claim, appeared, and participated at the prehearing conferences through counsel, were bound by the determination of the Panel on all issues submitted. (Knight Decl., Ex. E.)

15. On January 20, 2023, the Voellers filed a notice of voluntary dismissal of Amalia O. Chin without prejudice. On or about March 6, 2023, Gabriel Edelman filed for bankruptcy under the United States Bankruptcy Code. In accordance with these filings, the Panel made no determination with respect to the claims against Chin or Edelman, and accordingly, they are non-Petitioners in this action. (Knight Decl., Ex. A, p. 3.)

16. On or about March 14, 2023, Petitioners filed an Amended Statement of Answer denying the allegations and asserting various affirmative defenses. (Knight Decl., Ex. E.)

17. The Arbitration was heard before a three-member all-public panel consisting of Mark L. Miller (Presiding Chairperson), Julia Yael Ramos, and James Paul Young (the "Panel"). (Knight Decl., Ex. F.) An Initial Prehearing Conference was held on March 14, 2023, during which the parties consented to the composition of the Panel. (Knight Decl., Ex. F.)

18. On March 28, 2024, Petitioners filed a Motion to Compel, to which no response was filed. In an Order dated April 29, 2024, the Chairperson directed the Voellers to comply with

discovery requests and provided that, should the Voellers fail to comply with the Order, a penalty of $100 per day beyond May 31, 2024, would be assessed. (Knight Decl., Ex. H.)

19. On June 3, 2024, Petitioners filed a Motion to Dismiss pursuant to Rules 12212 and 12511 of the Customer Code. (Knight Decl., Ex. I.)

20. On July 8, 2024, the Panel heard oral arguments on Petitioners' Motion to Dismiss. In an Order dated July 11, 2024, the Panel deferred ruling on the Motion to Dismiss, cancelled the scheduled arbitration hearing, and granted the Voellers a "final extension" to comply with discovery requirements. (Knight Decl., Ex. J.)

21. On August 1, 2024, the Voellers filed a response to the July 11, 2024 Order. On August 5, 2024, Petitioners filed a Renewed Motion to Dismiss pursuant to FINRA Rules 12212(c) and 12511(b) of the Customer Code. On August 15, 2024, the Voellers filed a Notice of Opposition to Petitioners' Renewed Motion to Dismiss and a Support for Claimants' Motion for Monetary Sanctions. On August 20, 2024, Petitioners filed a Reply in Support of their Renewed Motion to Dismiss and a response opposing the Voellers' Opposition. (Knight Decl., Ex. A, pp. 3-4; Ex. L.)

22. On December 2, 2024, David Vermont, Esq., of Securities Arbitration Law Group, PLLC, filed a Notice of Substitution of Counsel on behalf of the Voellers, replacing prior counsel Brandon Dei, Esq.[3] (Knight Decl., Ex. M.)

23. On December 5, 2024, the Panel heard oral arguments on Petitioners' Renewed Motion to Dismiss. Based on allegations raised by Mr. Vermont regarding Mr. Dei's representation, the Panel deferred ruling on the Renewed Motion to Dismiss to allow Mr. Vermont to cure the Voellers' outstanding deficiencies. (Knight Decl., Ex. N.)

[3] Notably, during the arbitration, Mr. Vermont and Mr. Dei were both attorneys at Securities Arbitration Law Group, PLLC, and Mr. Vermont is a beneficial owner of the firm. As the Panel itself found, Mr. Vermont replaced "prior Counsel Dei (who was affiliated with Vermont's firm)."

24. In an Order dated December 9, 2024, the Panel ordered the Voellers to comply with discovery requests no later than December 20, 2024. Pursuant to the Order, sanctions for failure to comply with discovery requests would remain in effect up until the date of compliance. The Renewed Motion to Dismiss, further sanctions, and other outstanding matters were scheduled to be addressed at a prehearing conference on January 3, 2025. (Knight Decl., Ex. N.)

25. On December 31, 2024, Petitioners filed a letter regarding the Voellers' non-compliance with prior Orders. (Knight Decl., ¶¶ 19-20; Ex. P.)

26. On January 3, 2025, the Panel heard oral arguments on Petitioners' Renewed Motion to Dismiss. In connection therewith, pursuant to the oral Order by the Panel, on January 3, 2025, Petitioners filed an Affirmation of Costs and Sanctions. (Knight Decl., ¶ 20.)

27. In an Order dated January 26, 2025, the Panel ruled as follows:

(a) Petitioners' Renewed Motion to Dismiss is denied without prejudice.

(b) The Voellers shall be responsible for Petitioners' expenditures required to enforce the Order for Production, including legal fees.

(c) The $100 daily sanction for failure to comply shall cease to accrue as of the date the Voellers comply with the Discovery Orders that have been issued in this matter.

(d) In consideration of the sizeable amount of the Voellers' obligation for Petitioners' costs, the Voellers shall pay Petitioners the said costs by the date of March 31, 2025.

(e) Payment of said costs shall be a condition precedent of the Arbitration proceeding going forward.

(Knight Decl., Ex. Q.)

28. No payment was made by March 31, 2025, and no contact was received from the Voellers or their counsel. (Knight Decl., ¶ 21.)

29. A prehearing conference was held on August 7, 2025, to discuss the Voellers' compliance with the Panel's prior Orders. The Voellers did not appear. (Knight Decl., ¶ 22.)

30. In an Order dated August 13, 2025, the Panel granted Petitioners' oral Motion for Leave to File an Amended Motion to Dismiss. Pursuant to the Order, sanctions against the Voellers instituted in prior Orders would continue to be in effect. (Knight Decl., Ex. R.)

31. On September 12, 2025, Petitioners filed a Second Renewed Motion to Dismiss pursuant to FINRA Rules 12212(c) and 12511(b), to which no response was filed. (Knight Decl., ¶ 23; Ex. R.)

32. On December 1, 2025, the Panel heard oral arguments on Petitioners' Second Renewed Motion to Dismiss. During the hearing, the Voellers' counsel could not adequately explain the continued non-compliance. (Knight Decl., ¶ 23.)

33. On February 18, 2026, the Panel granted Petitioners' Second Renewed Motion to Dismiss, dismissing with prejudice all of the Voellers' claims against Petitioners on the grounds that the Voellers overtly failed multiple times to meaningfully respond to discovery and production requests, ignored multiple Panel orders requiring compliance, and failed to appear. (Knight Decl., Ex. A.)

34. Throughout the nearly three-year Arbitration, the Voellers engaged in a pattern of willful noncompliance with their discovery obligations under the FINRA Code and defiance of multiple Panel orders, including:

(a) March 28, 2024 Motion to Compel: Petitioners filed a Motion to Compel discovery. The Voellers filed no opposition. (Knight Decl., ¶ 12.)

(b) April 29, 2024 Order: The Chairperson ordered the Voellers to respond and produce discovery by May 31, 2024, with a $100 per day sanction for non-compliance beginning June 1, 2024. The Voellers failed to comply by the deadline. (Knight Decl., ¶¶ 12-13.)

(c) July 11, 2024 Order: The Panel granted the Voellers a "final extension" to comply with the prior discovery orders issued by the Panel by August 2, 2024. On August 1, 2024, the Voellers merely reproduced the same deficient production and filed blanket objections. (Knight Decl., ¶¶ 14-15.)

(d) December 9, 2024 Order: The Panel ordered the Voellers to comply with discovery and their prior orders by December 20, 2024. The Voellers did not comply. (Knight Decl., ¶¶ 18-20.)

(e) January 26, 2025 Order: The Panel ordered the Voellers to pay $28,910.00 in attorneys' fees and $21,700.00 in sanctions by March 31, 2025, as a "condition precedent of the Arbitration proceeding going forward." The Voellers made no payment and provided no further contact. (Knight Decl., ¶ 21.)

(f) August 7, 2025: Pre-hearing conference on the Voellers' compliance with the Panel's prior Orders. The Voellers did not appear. (Knight Decl., ¶ 22.)

(g) September 12, 2025 Second Renewed Motion to Dismiss: Petitioners filed their Second Renewed Motion to Dismiss pursuant to FINRA Rules 12212(c) and 12511(b). The Voellers filed no opposition. (Knight Decl., ¶ 23.)

## THE ARBITRATION AWARD[4]

35. On February 18, 2026, the Panel issued the Award, granting Petitioners' Second Renewed Motion to Dismiss on the following grounds:

> Upon hearing of the Motion, review of documents and exhibits and serious deliberation and consideration, the Panel grants Respondents' Second Renewed Motion to Dismiss against Claimants. This is done under the authority of FINRA Rules 12212(c) and 12511(b) [of the Code]. There are a number of bases for this decision, and it takes into account the possibility of any impact to Claimants that might or might not have been prejudicial to Claimants arising from prior counsel's possible inability to meaningfully participate. Claimants overtly failed multiple times to meaningfully respond to Respondents' discovery and production requests including those mandated in the FINRA Discovery Guide. This pattern includes ignoring Orders requiring compliance with Panel's production Orders dated May 1, 2024, July 11, 2024 and December 9, 2024. The December 9th Order was subsequent to Counsel Vermont's replacing prior Counsel Dei (who was affiliated with Vermont's firm) and granted new counsel the opportunity to cure the defects that had previously accrued. Even Claimants' production in response to the Orders omitted numerous required documents, including rejected and waived blanket objections and failure to produce an ordered Change of Counsel acknowledgement. On January 3, 2025, Counsel appeared before the Panel and again failed to demonstrate compliance. On January 31, 2025, the Panel ordered Claimants to pay sanctions as well as to reimburse Respondents' fees and costs previously accrued, but still unpaid. Even after the Panel granted a postponement, over the Respondents' objection, Claimants failed to appear. In light of the foregoing, the Panel orders this case be Dismissed with Prejudice.

(Knight Decl., Ex. A.)

36. The Award provides, in relevant part: "After considering the pleadings, the Second Renewed Motion to Dismiss and all responses thereto, and the arguments presented at the prehearing conference on December 1, 2025, the Panel has decided in full and final resolution of the issues submitted for determination as follows":

(a) Claimants' claims are dismissed in their entirety pursuant to Rules 12212(c) and 12511 of the Code;

[4] A true and correct copy of the Award is attached to the Knight Declaration as Exhibit A.

(b) Claimants are jointly and severally liable for and shall pay to Respondents the sum of $46,800.00 as sanctions;

(c) Claimants are jointly and severally liable for and shall pay to Respondents the sum of $31,178.00 for attorneys' fees and costs; and

(d) Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, are denied.

(Knight Decl., Ex. A.)

37. Petitioners seek confirmation of the Award solely with respect to paragraph (a)—the dismissal with prejudice of the Voellers' claims against Petitioners. Petitioners expressly waive confirmation of paragraphs (b) and (c) of the Award and do not seek entry of any monetary judgment.

## GROUNDS FOR PARTIAL CONFIRMATION

38. Under the Federal Arbitration Act, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (*citing Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984)). The FAA "establishes a national policy favoring arbitration," *Scott v. JPMorgan Chase & Co.*, 603 F. App'x 33, 35 (2d Cir. 2015). "Arbitration awards are subject to 'severely limited' review by the courts." *Bradley v. Merrill Lynch & Co.*, 344 F. App'x 689, 690 (2d Cir. 2009). Section 9 of the FAA "carries no hint of flexibility in unequivocally telling courts that they 'must' confirm an arbitral award, 'unless' it is vacated or modified 'as prescribed' by §§ 10 and 11." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (holding that courts must confirm arbitration awards unless one of the "uniformly narrow stated grounds" for vacatur under 9 U.S.C. §§ 10 or 11 is established).

39. Here, the Award reflects the Panel's considered judgment following extensive proceedings.

40. The Award has not been vacated, modified, or corrected pursuant to 9 U.S.C. §§ 10 or 11, and no party to this proceeding has previously applied to vacate, modify, or correct it.

41. The statutory period for serving a motion to vacate under 9 U.S.C. § 12 expired on or about May 19, 2026—more than three months ago. Thus, any challenge to the Award—including by the Voellers, who have filed no motion to vacate or modify—is now time-barred.

42. In contrast, this Petition to Confirm is timely filed within one year of the Award's issuance, as required by 9 U.S.C. § 9.

43. Therefore, confirmation is therefore appropriate as a matter of law.

*[continued on next page]*

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioners Spartan Capital Securities, LLC, Kim M. Monchik, and John D. Lowry respectfully request that this Court grant their Petition and enter an Order as follows:

(a) Confirming the Award dated February 18, 2026, in FINRA Arbitration No. 22-02653, pursuant to 9 U.S.C. § 9, specifically the Panel's dismissal with prejudice of all claims brought by the Voellers against Petitioners;

(b) Granting such other and further relief as the Court deems just, equitable, and proper under the facts and circumstances of this case.

Dated: September 21, 2026
New York, New York

SICHENZIA ROSS FERENCE CARMEL LLP

By: Emily M Knight
Emily M. Knight, Esq. (5884994)
1185 Avenue of the Americas, 26th Floor
New York, New York 10036
(212) 930-9700
eknight@srfc.law

*Attorneys for Petitioners Spartan Capital Securities, LLC, Kim M. Monchik, and John D. Lowry*