**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SPARTAN CAPITAL SECURITIES, LLC,
KIM M. MONCHIK, and JOHN D. LOWRY,

Petitioners,

- against -

MICHAEL VOELLER and HEIDI VOELLER,

Respondents.

Case No.: 1:26-cv-8220

**MEMORANDUM OF LAW IN SUPPORT OF**
**SPARTAN CAPITAL SECURITIES, LLC, KIM M. MONCHIK, AND**
**JOHN D. LOWRY'S PETITION TO CONFIRM ARBITRATION AWARD**

SICHENZIA ROSS FERENCE CARMEL LLP
1185 Avenue of the Americas, 26th Floor
New York, NY 10036
(212) 930-9700
eknight@srfc.law

*Attorneys for Petitioners*
*Spartan Capital Securities, LLC,*
*Kim M. Monchik, and John D. Lowry*

Of counsel:
Emily M. Knight, Esq.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........ 1
STATEMENT OF FACTS ........ 2
ARGUMENT ........ 3
I. The Court Is Required to Confirm the Award Under the FAA ........ 3
II. Partial Confirmation of the Award Is Proper ........ 5
III. The Voellers Are Time-Barred from Seeking Vacatur ........ 6
IV. This Petition Properly Seeks Confirmation on Behalf of All Petitioners ........ 7
CONCLUSION ........ 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*,
274 F.2d 805 (2d Cir. 1960) ....................3

*Compania Chilena de Navegacion Interoceanica, S.A. v. Norton, Lilly & Co.*,
652 F. Supp. 1512 (S.D.N.Y. 1987) ....................5

*D.H. Blair & Co. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006) ....................7

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003) ....................4

*Fidelity Brokerage Services LLC v. Deutsch*,
2018 WL 2947972 (S.D.N.Y. 2018) ....................5

*Florasynth, Inc. v. Pickholz*,
750 F.2d 171 (2d Cir. 1984) ....................4, 5, 6

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
552 U.S. 576 (2008) ....................4, 5

*INTE Secs., LLC v. Skybell Techs., Inc.*,
No. 23 Civ 3241 (KPF), 2024 WL 757332 (S.D.N.Y. Feb. 23, 2024) ....................4

*Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*,
145 F.3d 85 (2d Cir. 1998) ....................6

*Metallgesellschaft A.G. v. M/V Capitan Constante*,
790 F.2d 280 (2d Cir. 1986) ....................5

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*,
497 F.3d 133 (2d Cir. 2007) ....................4

*R.W. Chelsea Energie Ltd. v. Vision Indian Ocean (V.I.O.) SA*,
815 F. Supp. 3d 264 (S.D.N.Y. 2025) ....................5

Page(s)

Cases (cont'd)

*Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*,
668 F.3d 60 (2d Cir. 2012) ....................5

*Trs. of New York City Dist. Council of Carpenters Pension Fund v. Everlast Scaffolding, Inc.*,
No. 26 CIV. 781 (KPF), 2026 WL 1961873 (S.D.N.Y. July 7, 2026) ....................6

Statutes and Rules

9 U.S.C. § 9 .................... *passim*

9 U.S.C. § 10 ....................4, 5

9 U.S.C. § 11 ....................4, 5

9 U.S.C. § 12 ....................6

Petitioners Spartan Capital Securities, LLC ("Spartan"), Kim M. Monchik ("Ms. Monchik"), and John D. Lowry ("Mr. Lowry") (collectively, "Petitioners"), respectfully submit this Memorandum of Law in support of their Petition to partially confirm the arbitration award (the "Award") issued on February 18, 2026, in the FINRA Dispute Resolution Services Arbitration captioned *Michael Voeller and Heidi Voeller v. Spartan Capital Securities, LLC, Kim M. Monchik, Amalia O. Chin, John D. Lowry, and Gabriel Edelman*, FINRA No. 22-02653 (the "Arbitration"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

## PRELIMINARY STATEMENT

This is a straightforward confirmation proceeding. The Panel dismissed with prejudice all claims brought by Michael Voeller and Heidi Voeller (collectively, "the Voellers") against Petitioners after more than three years of proceedings in which the Voellers did not comply with their discovery obligations. (Knight Decl., Exs. H, I, J, L, N, Q, R, S.) The Voellers did not comply with four Panel orders, did not pay accrued sanctions of $46,800, did not pay attorneys' fees as ordered, did not appear at a scheduled prehearing conference, and did not respond to the motion that resulted in dismissal. (Knight Decl., Exs. A, Q, R, S.) The Court is not asked to reweigh the evidence or second-guess the Panel's assessment of the underlying merits. Petitioners do not seek confirmation of the monetary portions of the Award—namely, the sanctions of $46,800.00 and attorneys' fees and costs of $31,178.00—and do not seek entry of a monetary judgment. This Petition seeks only what the FAA requires: confirmation of the Panel's dismissal with prejudice.

Confirmation is mandatory under the FAA. A court "must grant" confirmation unless grounds for vacatur or modification exist. 9 U.S.C. § 9. No such grounds exist here. Moreover: (1) partial confirmation of the separable dismissal provision is proper under controlling Second Circuit authority; (2) the Voellers are time-barred from seeking vacatur, as the three-month limitation

period under 9 U.S.C. § 12 expired on May 18, 2026, without any challenge to the Award; and (3) a single petition to confirm is sufficient on behalf of all three Petitioners.

**STATEMENT OF FACTS**

Petitioners respectfully refer the Court to the Petition to Confirm the Arbitration Award and the Declaration of Emily M. Knight, Esq. ("Knight Decl."), with exhibits, which accompany this Memorandum of Law, for a complete recitation of the facts and procedural history. The facts material to the legal arguments are summarized briefly below.

On November 18, 2022, the Voellers filed a Statement of Claim in FINRA Arbitration asserting seven causes of action—suitability and overconcentration, failure to supervise, breach of fiduciary duty, breach of contract, negligence, misrepresentation, and omission of facts—arising from investments in Individual Retirement Accounts. (Knight Decl., Ex. B.) Petitioners denied all allegations and filed an Amended Statement of Answer. (Knight Decl., Ex. E.) The case was assigned to a three-member all-public panel (the "Panel"). (Knight Decl., Ex. F.)

Over the following three years, the Voellers failed to comply with their discovery obligations. They did not respond to requests under the FINRA Discovery Guide and did not comply with four Panel orders requiring production—dated May 1, 2024, July 11, 2024, December 9, 2024, and January 26, 2025. (Knight Decl., Exs. H, J, N, Q.) The Panel imposed sanctions of $100 per day beginning June 1, 2024, which accrued to $46,800. (Knight Decl., Exs. H, A.) In December 2024, the Voellers' new counsel—from the same firm as prior counsel—was given an opportunity to cure the deficiencies. (Knight Decl., Exs. M, N.) He did not do so. (Knight Decl., Exs. O, P.) The Panel then ordered the Voellers to pay all outstanding sanctions and attorneys' fees by March 31, 2025, as a "condition precedent of the Arbitration proceeding going forward."

(Knight Decl., Ex. Q.) No payment was made. On August 7, 2025, the Panel held a prehearing conference. The Voellers did not appear. (Knight Decl., Ex. R.)

On September 12, 2025, Petitioners filed their Second Renewed Motion to Dismiss pursuant to FINRA Rules 12212(c) and 12511(b). (Knight Decl., Ex. S.) The Voellers filed no opposition. On December 1, 2025, the Panel conducted its eighth prehearing conference and heard oral argument on the motion. (Knight Decl., Ex. A.) On February 18, 2026, the Panel granted the motion and issued the Award, dismissing with prejudice all of the Voellers' claims against Petitioners and ordering sanctions of $46,800.00 and attorneys' fees and costs of $31,178.00. (Knight Decl., Ex. A.) The Panel found that the Voellers "overtly failed multiple times to meaningfully respond to [Petitioners'] discovery and production requests," that this pattern included "ignoring Orders requiring compliance" dated May 1, 2024, July 11, 2024, and December 9, 2024, and that even after new counsel was given an opportunity to cure, "the defects were not cured." (Knight Decl., Ex. A.) Petitioners seek confirmation of only the dismissal.

## **<u>ARGUMENT</u>**

### I. <u>The Court Is Required to Confirm the Award Under the FAA</u>

Judicial review of arbitration awards is "severely limited." *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960). The FAA does not permit courts to conduct a plenary review of arbitral decisions. Rather, Section 9 mandates confirmation:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

Confirmation is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); *accord INTE Secs., LLC v. Skybell Techs., Inc.*, No. 23 Civ 3241 (KPF), 2024 WL 757332, at *3 (S.D.N.Y. Feb. 23, 2024). Courts must give arbitration awards "great deference" and are not authorized to conduct independent factual review. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

A petition to confirm an arbitration award that is timely filed "must" be granted "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9. The Supreme Court has emphasized that "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). Those exceptions are narrow: they encompass corruption, fraud, arbitrator misconduct, or the arbitrator exceeding his powers—none of which is present here. *See* 9 U.S.C. §§ 10, 11.

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). This deference is not optional—it reflects the federal policy favoring arbitration as a speedy, efficient alternative to litigation. *See Fidelity Brokerage Servs. LLC v. Deutsch*, 2018 WL 2947972, at *5 (S.D.N.Y. 2018) ("In short, our job is not to micromanage the Panel, but to confirm that it committed no misconduct that would merit vacating the Award.").

Here, the Award was issued on February 18, 2026. (Knight Decl., Ex. A.) This Petition is timely filed within one year. No party has sought to vacate, modify, or correct the Award. Confirmation is therefore mandatory.

II. Partial Confirmation of the Award Is Proper

Courts routinely confirm arbitration awards in part. The Second Circuit has expressly held that a court "'can confirm and/or vacate the award, either in whole or in part.'" *R.W. Chelsea Energie Ltd. v. Vision Indian Ocean (V.I.O.) SA*, 815 F. Supp. 3d 264, 270 (S.D.N.Y. 2025) (quoting *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012)). Where a claim is "independent and separate from the remaining issues before the arbitrators," it may be "finally determined" and confirmed. *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 282 (2d Cir. 1986); *accord Compania Chilena de Navegacion Interoceanica, S.A. v. Norton, Lilly & Co.*, 652 F. Supp. 1512, 1515 (S.D.N.Y. 1987).

The Award here is separable. Paragraph 1 dismisses the Voellers' claims with prejudice—a final adjudication of the merits. (Knight Decl., Ex. A.) Paragraphs 2 and 3 impose monetary sanctions and attorneys' fees—remedies that are analytically distinct from the merits determination. (Knight Decl., Ex. A.) The dismissal stands on its own, regardless of whether Petitioners later seek to enforce the monetary provisions. Partial confirmation of only the dismissal is therefore proper.

Confirming part of an award does not vacate or nullify the unconfirmed portions. The FAA's language "carries no hint of flexibility [...] There is nothing malleable about 'must grant.'" *Hall St. Assocs.*, 552 U.S. at 587. A petitioner's election to seek partial confirmation is not among the "prescribed exceptions" that would permit a court to deny confirmation. *See* 9 U.S.C. §§ 10, 11. The unconfirmed monetary provisions remain valid and enforceable as "a contract right that may be used as the basis for a cause of action" should Petitioners elect to pursue them. *Florasynth*, 750 F.2d at 176.

III. The Voellers Are Time-Barred from Seeking Vacatur

Section 12 of the FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The Award was served on February 18, 2026. (Knight Decl., Ex. A.) The deadline to move for vacatur was therefore May 18, 2026. The Voellers did not file a motion to vacate.

The Second Circuit has held that a "defendant's failure to move to vacate the award within the three month time provided precludes him from later seeking that relief when a motion is made to confirm the award." *Florasynth, Inc.*, 750 F.2d at 175. Indeed, "grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed (in New York's case, ninety days)." *Loc. 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998); *accord Trs. of New York City Dist. Council of Carpenters Pension Fund v. Everlast Scaffolding, Inc.*, No. 26 CIV. 781 (KPF), 2026 WL 1961873, at *7 (S.D.N.Y. July 7, 2026) ("[A]ny grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in CPLR § 7511(a). […] The Arbitrator issued the Award on June 1, 2025, and Respondent failed to contest the Award until its opposition filings on March 16, 2026. Respondent thus failed to timely assert its grounds for vacatur and cannot raise them in defense to confirmation here.").

The Voellers are therefore precluded from opposing confirmation on any ground that would constitute a basis for vacatur under § 10 or modification under § 11 of the FAA.

IV. This Petition Properly Seeks Confirmation on Behalf of All Petitioners

The Award dismisses "Claimants' claims […] in their entirety pursuant to Rules 12212(c) and 12511 of the Code." (Knight Decl., Ex. A.) That language is unambiguous: the Panel dismissed the Voellers' claims against all Petitioners collectively, not against any one Petitioner individually. A single petition to confirm is therefore appropriate.

Section 9 of the FAA provides that "any party to the arbitration may apply to the court […] for an order confirming the award." 9 U.S.C. § 9. The statute imposes no requirement that each party separately petition for confirmation as to itself, and to require otherwise would be "irrational and wildly inefficient." *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).

Because the Award applies to the Voellers' claims against all Petitioners collectively, the judgment resulting from confirmation will likewise bind the Voellers as to all Petitioners. A single petition filed by Spartan on behalf of all three Petitioners is proper and efficient.

**CONCLUSION**

For the foregoing reasons, Petitioners Spartan Capital Securities, LLC, Kim M. Monchik, and John D. Lowry respectfully request that the Court grant the Petition and enter an Order:

(a) Pursuant to 9 U.S.C. § 9, partially confirming the Award dated February 18, 2026, in FINRA Arbitration No. 22-02653, specifically confirming the Panel's dismissal with prejudice of all claims brought by the Voellers against Petitioners;

(b) Granting such other and further relief as the Court deems just, equitable, and proper under the facts and circumstances of this case.

Dated: September 21, 2026
New York, New York

SICHENZIA ROSS FERENCE CARMEL LLP

By: Emily M Knight

Emily M. Knight, Esq. (5884994)
1185 Avenue of the Americas, 26th Floor
New York, New York 10036
(212) 930-9700
eknight@srfc.law

*Attorneys for Spartan Capital Securities, LLC, Kim M. Monchik, and John D. Lowry*

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)**

Undersigned counsel hereby certifies that this Memorandum complies with the word-count limitation imposed under Local Civil Rule 7.1(c), as it contains 2,101 words, not including the caption, table of contents, table of authorities, signature blocks, or required certificates, as calculated by Microsoft Word's word counting function.

Emily M Knight

Emily M. Knight, Esq.